[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM Re: RULINGS ON PRETRIAL MOTIONS
Defendant Peter Johnson has filed twelve motions in this case, wherein he is charged with one count of capital felony murder in violation of General Statutes § 53a-54b (5). The Court will address each motion individually.
 I
The defendant moves to strike the notice of aggravating factors that the state filed on August 31, 1999. The state alleges in the notice that the it intends to offer evidence that the death of the victim was committed in an especially cruel, heinous, or depraved manner, see General Statutes § 53a-46a
(i)(4), and that it was committed with an assault weapon, as defined in General Statutes § 53-202a, see General Statutes § 53a-46a (i)(7).
The defendant first argues that the notice is improper because the state relates the aggravating factors to the death of the victim and not to the offense committed. He claims that the notice is in violation of General Statutes § 53a-46a (i), which states in pertinent part that "[t]he aggravating factors to CT Page 16819 be considered [in determining whether a person shall be subjected to the death penalty] shall be limited to the following: . . . (4) the defendant committed the offense in an especially heinous, cruel or depraved manner; or . . . (7) the defendant committed the offense with an assault weapon, as defined in section53-202a." (Emphasis added). Admittedly, the state omitted the term "offense" in its notice of aggravating factors. The death of thevictim, however, is the offense that was allegedly committed by the defendant. The state has notified the defendant that it intends to introduce evidence that the death of the victim was committed in an especially cruel, heinous or depraved manner and with an assault weapon. Thus, the state has complied with §53a-46a (i). It has related the aggravating factors to the offense of the death of the victim as allegedly committed by the defendant.
The defendant next argues that the allegation "that the death of the victim was committed in an especially cruel, heinous, or depraved manner . . ." is unconstitutionally vague and must be recast in light of State v. Breton, 212 Conn. 258, 562 A.2d 1060
(1989). In Breton, the trial court granted the defendant's motion to dismiss the state's alleged aggravating factor "especially cruel", currently contained in § 53a-46a (i)(4). Id., 259. The Supreme Court of Connecticut determined that "the term `especially cruel,' while unconstitutionally vague standing alone, can be limited and construed so as to pass constitutional muster." Id., 268. The Supreme Court remanded the case to the trial court with direction to proceed with the sentencing hearing. This case has not yet reached trial, let alone a sentencing hearing. While the terminology in the state's notice of aggravating factors may be vague, the term "especially cruel" may be limited and construed in a jury instruction that includes the definition of "especially cruel" as defined in Breton. Id., 266-67, 272.
The defendant's third argument in support of his motion to strike the notice of aggravating factors is that the terms "especially heinous" and "especially depraved" are unconstitutionally vague. In State v. Ross, 230 Conn. 183, 242,646 A.2d 1318 (1994), cert. denied 513 U.S. 1165, 115 S.Ct. 1133,130 L.Ed.2d 1095 (1995), the Supreme Court of Connecticut determined that "the terms `heinous' and `depraved' are susceptible of limiting constructions in conjunction with [the Supreme Court of Connecticut's] definition of `especially cruel.'" Thus, the notice is sufficient. CT Page 16820
The defendant's motion to strike the notice of the aggravating factors is denied.
 II
The defendant moves for a bill of particulars concerning the aggravating factors; the defendant asks the court to order the state to identify the type of assault weapon that the state claims was used in the commission of the capital felony. The defendant claims that the state has violated the defendant's due process right to notice by not alleging with sufficient particularity that the offense was committed with an assault weapon, as defined in General Statutes § 53-202a.
The United States Supreme Court has determined that a defendant is entitled to notice that the court is contemplating the imposition of the death sentence. Lankford v. Idaho,500 U.S. 110, 126- 27, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991). "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." Id.
The state has clearly notified the defendant that the state plans to promote as an aggravating factor a claim that the defendant committed the offense with an assault weapon, as defined in § 53-202a.[1] The state has provided adequate notice. The defendant's motion for bill of particulars is denied.
 III
The defendant moves to dismiss the state's allegation that the offense was committed with an assault weapon, as defined in General Statutes § 53-202a. Section 53-202a defines an assault weapon in pertinent part as "(1) Any selective-fire firearm capable of fully automatic, semiautomatic or burst fire at the option of the user or any of the following specified semiautomatic firearms: . . . MAC-10." The defendant acknowledges that the weapon in question is an Ingram model 10A1, .45 acp caliber, semi-automatic pistol, serial number S450133. The state claims that the weapon is a selective-fire firearm and a Mac-10. Whether the weapon falls within the definition of an assault weapon, as defined in § 53-202a, is a question of fact to be resolved at trial.
The defendant contends that § 53a-46a (i)(7), which CT Page 16821 makes committing a capital felony with an assault weapon an aggravating factor, is unconstitutional. The defendant has prematurely raised this issue. This issue will be ripe for determination only if the defendant is found guilty during the guilt phase of these proceedings and a penalty phase hearing is conducted. The motion to dismiss is denied.
 IV
The defendant moves for an evidentiary hearing for the determination of factual issues that he claims must be resolved before the motion to dismiss, discussed above, may be decided. Because the motion to dismiss is not ripe for decision, the defendant's motion for an evidentiary hearing is denied.
 V
The defendant moves to preclude the penalty phase hearing on the ground the death penalty violates the Connecticut constitution. "[T]he the death penalty statutes do not facially violate the due process clauses of article first, §§ 8 and 9
[of the Connecticut constitution]." State v. Webb, 238 Conn. 389,412, 680 A.2d 147 (1996). This motion is denied.
 VI
The defendant moves to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme is unconstitutional in that it fails to provide a constitutionally required capital sentencer. He claims that the statutory scheme fails to provide "a capital sentencer who is making a true individualized, reasoned and moral decision on the appropriateness of the death sentence." The authority that he cites for this assertion is the dissenting opinion in State v.Ross, 230 Conn. 240, at 319-23 (Berdon, J., dissenting). The majority in the Ross case, however, held that our death penalty statutes fulfill the federal constitutional requirements for a moral and individualized decision. State v. Ross, supra,230 Conn. 240. See also, State v. Breton, 235 Conn. 206, 218,663 A.2d 1026 (1995). This motion is denied.
 VII
The defendant moves to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme impermissibly CT Page 16822 mandates a death sentence without allowing the sentencer to make an individualized determination as to whether the death penalty is appropriate based on the aggravating factors in the case. Connecticut's "capital sentencing statutes, on their face, give the capital sentencer, either a jury or the court, the proper amount of guided discretion to make the appropriate determination regarding the individual defendant with regard to the defendant's specific crime." State v. Ross, supra, 240 Conn. 241. Additionally, Connecticut's "death penalty scheme provides the capital sentencer with sufficient latitude to make a reasoned moral and individualized determination, based on the defendant's background, character and crime, that death is the appropriate punishment." State v. Breton, supra, 235 Conn. 218. This motion is denied.
 VIII
The defendant moves to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme impermissibly presumes that death is the appropriate sentence. The defendant's claim that "the statute embodies a presumption of death once the state proves the existence of an aggravating factor . . . [is] foreclosed by the United States Supreme Court's . . . decision inWalton v. Arizona, [497 U.S. 639, 649-52, 110 S.Ct. 3047,111 L.Ed.2d 511, reh. denied, 497 U.S. 1050, 111 S.Ct. 14,111 L.Ed.2d 828 (1990)]." State v. Ross, supra, 230 Conn. 241. This motion is denied.
 IX
The defendant moves to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme impermissibly places a preponderance burden of proof on the defendant relevant to mitigation. The Supreme Court of Connecticut in State v.Daniels, 207 Conn. 374, 385, 542 A.2d 306 (1988), determined that the defendant's burden of proof to establish a mitigating factor is by a preponderance of the evidence, It analogized this burden of proof to the burden a defendant has for an affirmative defense such as extreme emotional disturbance. Id. This issue is foreclosed by the Daniels case. The motion is denied.
 X
The defendant moves the court to preclude a penalty phase, hearing on the ground Connecticut's capital sentencing scheme is CT Page 16823 unconstitutional in that it erroneously requires the defendant to prove by a preponderance of the evidence that the facts he proffers are mitigating in nature. "Under our death penalty statutes, the defendant must convince the jury not only of the facts underlying an alleged nonstatutory mitigating factor, but also that the factor is mitigating in nature, considering all the facts and circumstances of the case, such that in fairness and mercy, [it] may be considered as tending either to extenuate or reduce the degree of his culpability or blame for the offense or to other wise constitute a basis for a sentence less than death. General Statutes 53a-46a(d)." (Internal quotation marks omitted.)State v. Breton, supra, 235 Conn. 229. The defendant argues that the decision of the Connecticut Supreme Court is erroneous. The Supreme Court of Connecticut has, however, accepted the capital sentencing scheme. This motion is denied.
 XI
The defendant moves the court to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme is unconstitutional in that the determination of the mitigating nature of nonstatutory mitigating factors is standardless and unreviewable. General Statutes § 53a-46a (d)[2] provides the guidelines for a jury's determination of whether a mitigating factor exists. Because the Supreme Court of Connecticut has determined that General Statutes "§ 53a-46a (d) does not render the capital sentencer's findings on mitigating factors unreviewable, or standardless and arbitrary," State v. Breton,
supra, 235 Conn. 218, this motion is denied.
 XII
The defendant moves to preclude the penalty phase hearing on the ground Connecticut's capital sentencing scheme impermissibly requires juror unanimity that some mitigating factor or factors exist before a life sentence is imposed. "The unanimity requirement in our statute requires unanimity only in the sense that each juror must find at least one mitigating factor that was proved by a preponderance of the evidence. The jury need not unanimously find the same mitigating factor to have been proven by a preponderance of the evidence. So construed, our death penalty sentencing [statute's] . . . unanimity requirement does not interfere with the ability of each individual juror to consider and to give effect to any mitigating factor of which he or she is convinced by a preponderance of the evidence . . . ." CT Page 16824 (Citations omitted.) State v. Ross, supra, 230 Conn. 244. The death penalty statutes are not unconstitutional as a matter of federal or state constitutional law. This motion is denied.
For the foregoing reasons, the twelve motions filed by the defendant are denied.[3]
THIM, JUDGE